THE AMERICAN TRADING COMPANY *v.* QUEVEDO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 830.—Resuelto en junio 17, 1912.

Resuelto por los fundamentos de la opinión emitida en el caso No. 748, *The American Trading Company* v. *Monserrat,* resuelto en abril 20, 1912.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Felipe Casalduc.*
Abogado del apelado: *Sr. José Benet.*
EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública de 11 de mayo de 1900 Luis Arán y Lancy reconoció adeudar a Basilio Durán la suma de 130,000 pesos provinciales, que se obligó a pagar a razón de 13,000 pesos en cada día 11 de mayo de los años 1901 a 1910, con el interés del 6% anual, y por cada uno de esos plazos otorgó un pagaré a la orden de Durán garantizando el solvendo de la deuda con hipoteca voluntaria sobre 20 fincas rústicas.

La American Trading Company, tenedora por endoso del pagaré No. 3, inició procedimiento hipotecario contra Francisca Arán como administradora judicial de los bienes de Luis Arán ya fallecido, para el cobro de aquel documento; y seguidos los trámites del caso, fueron adjudicadas a aquella corporación, mediante venta en pública subasta, seis de las fincas hipotecadas en pago parcial del crédito reclamado, otorgándosele la correspondiente escritura de adjudicación en 20 de febrero de 1908.

En posesión The American Trading Company de las seis fincas de que se trata, Inocencia Quevedo Castellanos, en concepto de dueña del pagaré No. 9 por endoso que a favor de su causante, Teodora Quevedo, habián hecho M. Martínez y Co. inició procedimiento sumario hipotecario contra aquella sociedad para el cobro parcial de la deuda, cuyo pago en el registro seguía garantizado con hipoteca sobre dichas fincas; y con tal motivo, en 9 de diciembre del año próximo pasado la American Trading Company produjo demanda ante la Corte de Distrito de Mayagüez contra Inocencia Quevedo Castellanos, con súplica de que en su día se dictara sentencia declarándose nulo el procedimiento hipotecario seguido ante dicha corte por Inocencia Quevedo Castellanos contra la American Trading Co., para el cobro del pagaré hipotecario No. 9, y ordenando la cancelación de la hipoteca que garantizaba el pago del pagaré en cuanto esa hipoteca afectaba a las fincas de Luis Arán adjudicadas a The American Trading Company.

En el mismo escrito de demanda solicitó la American Trading Company, que mientras corría trámites la acción se expidiera un auto de *injunction* preliminar ordenando a Inocencia

Quevedo, sus causahabientes y sucesores, abogados, agentes, empleados o subordinados, se abstuvieran desde la notificación de dicho auto de ejercitar acto alguno que envuelva gravamen, anuncio de subasta por edictos, venta de remate de los bienes inmuebles descritos en la demanda, hasta que recaiga nueva orden de la corte disponiendo lo contrario.

Con relación a la pretensión de *injunction* preliminar no encontramos en la demanda otra alegación propiamente pertinente que la décima nona, expresiva de que siguiendo por todos sus trámites el procedimiento hipotecario seguido por Inocencia Quevedo, se embargarían y subastarían las fincas propiedad de The American Trading Company, sin dar a ésta oportunidad de defender sus derechos en buena contienda judicial, surgiría una multiplicidad de procedimientos judiciales con M. Martínez y Co., Baudilio Durán, Sucesión de Luis Arán y con la misma Inocencia Quevedo, originándose a las partes grandes gastos innecesarios y pérdida de tiempo a las cortes de justicia, y finalmente sería muy difícil precisar la cuantía de la compensación que deba pedirse como indemnización de daños y perjuicios que quizás serían irreparables.

La corte de Mayagüez en 30 de diciembre de 1911 expidió orden para que Inocencia Quevedo Castellanos mostrara causa por la que no debiera expedirse el *injunction* preliminar solicitado, señalando para el acto el día 9 de enero de 1912, y dispuso además que Inocencia Quevedo Castellanos y los demás a quienes había de afectar la prohibición, se abstuvieran de realizar en el interín cualquiera de los actos ya indicados.

Se opuso Inocencia Quevedo Castellanos al *injunction;* y celebrada la vista en el día señalado, la corte dictó resolución en 19 de enero de 1912, desestimando la solicitud de *injunction* preliminar y ordenando en su consecuencia se levante el entredicho en que se puso a la demandada en virtud de la orden dictada en 30 de diciembre anterior, con costas a la demandante, contra cuya orden interpuso la American Trading Company recurso de apelación para ante esta Corte Suprema, sometido a nuestra consideración y decisión.

No nos toca considerar en el presente recurso los fundamentos de la demanda sobre nulidad del procedimiento hipotecario seguido por Inocencia Quevedo Castellanos contra The American Trading Company y sobre cancelación de las hipotecas que garantizan el pago del documento No. 9, en cuanto esas hipotecas gravan las fincas adjudicadas a The American Trading Company.   Las cuestiones legales envueltas en dicha demanda se decidirán en la sentencia que ponga término al juicio.

En cuanto a las otras cuestiones legales suscitadas con motivo del *injunction,* son las mismas que ya discutimos al decidir en 20 de abril del corriente año un caso igual de *injunction* contra *The American Trading Company* v. *Damián Monserrat Suro,* y nos referimos a la opinión que sirvió a esta corte de fundamento para confirmar la resolución apelada, que también declaró sin lugar el *injunction* solicitado.

Damos aquí por reproducida dicha opinión y por las razones en ella consignadas es de confirmarse la resolución que dictó la Corte de Distrito de Mayagüez en 19 de enero del corriente año.

*Confirmada.*

Jueces concurrentes. Sres. Asociados Wolf, del Toro y Aldrey.

Juez disidente: Sr. MacLeary.